**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
MARIE MCCRARY (State Bar No. 262670)
KRISTEN G. SIMPLICIO (State Bar No. 263291)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MACHLAN, an individual, on behalf of himself, the general public and those similarly situated | CASE NO. 3:17-cv-02442 |
| | UNLIMITED CIVIL CASE |
| Plaintiff, | FIRST AMENDED CLASS ACTION COMPLAINT FOR UNFAIR BUSINESS PRACTICES |
| v. | |
| S. C. JOHNSON & SON, INC.; KAS DIRECT, LLC d/b/a BABYGANICS; AND DOES 1 THROUGH 50, | JURY TRIAL DEMANDED |
| Defendants. | |

David Machlan, by and through his counsel, brings this Class Action Complaint against Defendants S. C. Johnson & Son, Inc., KAS Direct, LLC, and Does 1 through 50, inclusive, on behalf of himself and those similarly situated, for unfair trade practices. The following allegations are based upon information and belief, including the investigation of Plaintiff's counsel, unless stated otherwise.

**INTRODUCTION**

1.      Consumers such as Plaintiff and the Class Members are willing to pay more for personal care products made with plant based ingredients in order to avoid harmful chemicals or products that are bad for the environment in favor of more natural ingredients. Defendants take advantage of this segment of consumers by labeling the pre-moistened wipes that they sell as being made from "plant based ingredients." They charge a premium for these wipes, as compared to wipes that are not marketed as being made from "plant based ingredients." Despite the label, however, the wipes are made from significant amounts of synthetic non-plant based ingredients. Specifically, the substrate used in Defendants' wipes contains polyester, which is not a plant-based, but instead, is made from synthetic plastic.

2.      Throughout the class period, Defendants have obtained substantial profits from the deceptive sale of wipes marketed as being made from "plant based ingredients." This action seeks: (i) to require Defendants to pay damages to purchasers of the wipes, namely the price premium paid for the Babyganics Wipes, i.e., the difference between the price consumers paid for the Babyganics Wipes and the price that they would have paid but for Defendant's misrepresentation, in an amount to be proven at trial using econometric or statistical techniques such as hedonic regression or conjoint analysis; (ii) an injunction precluding the sale of the wipes within a reasonable time after entry of judgment, unless the wipes' packaging and marketing is modified to remove the misrepresentation and to disclose the omitted facts; and (iii) an order requiring Defendants to remove the phrase "plant based ingredients" from the wipes' packaging and marketing, and to affirmatively inform purchasers that the wipes are made from non-plant based ingredients.

## **PARTIES**

3.     David Machlan ("Plaintiff") is, and at all times alleged in this Class Action Complaint was, an individual and a resident of San Francisco, California.

4.     Defendant S. C. Johnson & Son, Inc. ("S.C. Johnson") is a corporation organized and existing under the laws of the Wisconsin, having its principal place of business in Racine, Wisconsin.

5.     Defendant KAS Direct, LLC d/b/a Babyganics ("KAS Direct") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Westbury, New York.

6.     The true names and capacities of Defendants sued as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to section 474 of the California Code of Civil Procedure. Plaintiff will seek leave of Court to amend this Class Action Complaint when said true names and capacities have been ascertained.

7.     The Parties identified in paragraphs 4 and 5 of this Class Action Complaint are collectively referred to hereafter as "Defendants."

8.     At all times herein mentioned, each of the Defendants was the agent, servant, representative, officer, director, partner or employee of the other Defendants and, in doing the things herein alleged, was acting within the scope and course of his/her/its authority as such agent, servant, representative, officer, director, partner or employee, and with the permission and consent of each Defendant.

9.     At all times herein mentioned, each of the Defendants was a member of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

10.     At all times herein mentioned, the acts and omissions of each of the Defendants concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

11.     At all times herein mentioned, each of the Defendants ratified each and every act or omission complained of herein.

12. At all times herein mentioned, each of the Defendants aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages, and other injuries, as herein alleged.

## JURISDICTION AND VENUE

13. This action is brought by Plaintiff pursuant, *inter alia*, to the California Business and Professions Code, section 17200, *et seq.* Plaintiff and Defendants are "persons" within the meaning of the California Business and Professions Code, section 17201.

14. The injuries, damages and/or harm upon which this action is based occurred in or arose out of activities engaged in by Defendants within, affecting, and emanating from, the State of California.

15. Defendants have engaged, and continue to engage, in substantial and continuous business practices in the State of California, including in San Francisco County.

16. In accordance with California Civil Code Section 1780(c), Plaintiff filed with his original Complaint a declaration establishing that, in 2013, he purchased at least one Babyganics product in San Francisco.

17. Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

## SUBSTANTIVE ALLEGATIONS

### (1) Defendants and Defendants' Wipes at Issue

18. Defendant KAS Direct is a manufacturer, marketer, and seller of consumer goods in the United States. In particular, KAS Direct makes household and personal care products for babies, including wipes, laundry detergent, bubble bath, dish soap, diapers and toothpaste, distributed as the "Babyganics" products. The Babyganics products are widely available for purchase in supermarkets, drug stores, and other brick and mortar and online retailers, such as Amazon, Buy Buy Baby, Diapers.com, Walgreens, Target and Babies "R" Us.

19. Defendant S.C. Johnson is a manufacturer, marketer, and seller of consumer goods in the United States. On or about July 27, 2016, S.C. Johnson acquired KAS Direct. Since the acquisition, S.C. Johnson has exerted control over the Babyganics brand.

20. S.C. Johnson is a large multi-national corporation and counts among its corporate

holdings, numerous subsidiaries and brands. Unless S.C. Johnson is enjoined from the conduct herein, it could easily take the packaging, representations, and products from the control of KAS and transfer that property to itself or to one of its subsidiaries to continue to make the misrepresentations, thus evading accountability.

21.     This case concerns Defendants' marketing and sale of Babyganics pre-moistened wipe products. Pre-moistened wipes consist of a non-woven substrate (which is created by bonding fibers together) soaked in a liquid solution (referred to as a lotion).

22.     The specific products as issue in this case are the following:

- The Babyganics Face, Hand, and Baby Wipes;
- The Babyganics All Purpose Surface Wipes;
- The Babyganics Toy, Table, and Highchair Wipes;
- The Babyganics Flushable Wipes; and
- The Babyganics Hand and Face Wipes.

These products are collectively referred to as the "Babyganics Wipes."

### (2) Consumer Demand for Environmentally-Friendly Products

23.     In recent years, consumers have become significantly more aware and sensitive to their impact on the environment through the products they purchase and use. As a result, many consumers demand products that are environmentally superior to similar products, in that these superior products cause less harm to the environment. The term "green" is commonly used to describe these products, and the environmental movement that led to them. Factors important in determining that a product is environmentally superior to a similar product include the adverse impact to the environment caused by the manufacturing, use, and disposal of a product.

24.     Unfortunately for consumers a number of companies have made deceptive, misleading and false statements regarding the environmental superiority of their products in order to increase their profits at the expense of consumers. Companies accomplish this deception through false representations regarding a product's environmental attribute. This practice is commonly known as "greenwashing." As detailed below, Defendants engaged in greenwashing by deceptively representing that their wipes are made from "plant based materials," when this, in

fact, is not true.

**(3) Defendants Falsely Represent that the Babyganics Wipes Are Made From "Plant Based Ingredients"**

25.     Throughout the class period, all Babyganics Wipes have predominately stated on the front of the package that they are made from "plant based ingredients," despite the fact that the substrate, i.e., the fibrous material that forms the base of the wipe, used in the Babyganics Wipes is made from non-plant based ingredients, namely polyester. Polyester is a synthetic material comprised of various chemical compounds that are typically derived from petroleum. Additionally, the list of the ingredients on the back of the product packaging does not disclose that the wipes' substrate is made from polyester.

26.     For example, on the front of the Babyganics Hand and Face Wipes package, Defendants advertise that the product is made from "plant based ingredients:"



27.     The backs of all of the Babyganics Wipes packages do not disclose that the substrate used in the wipes is made from polyester. For example, the back of the Hand and Face Wipes package says the following:



**Ingredients:**
water, chamomilla recutita flower extract, vegetable oil, glycerin, lauryl glucoside, polyglyceryl-2-dipolyhydroxystearate, glyceryl oleate, dicaprylyl carbonate, sodium benzoate, citric acid, potassium sorbate, solanum lycopersicum (tomato) seed oil, helianthus annuus (sunflower) seed oil, vacinnium macrocarpon (cranberry) seed oil, nigella sativa (black cumin) seed oil, rubus idaeus (red raspberry) seed oil

**Safety Information:**
Store at room temperature.
DO NOT FLUSH.
Dispose of in trash.

It's a problem as old as time, babies' most sensitive places are also the messiest. Well, it's about time for a solution! Hydrating, skin-nourishing wipes that are gentle enough for faces and bottom places. Our paraben-free formula lets you wipe your wee ones with no worries while our skin conditioners gently nourish, putting us at the forefront of clean behinds!

NeoNourish® Natural Seed Oil Blend is designed to help nurture and support the unique needs of baby's skin. Natural tomato, sunflower, cranberry, black cumin and red raspberry seed oils help support healthy skin development and deliver antioxidant protection.

 pediatrician + dermatologist tested

 to learn more, please visit babyganics.com

 © 2014 dist. by KAS Direct, LLC Westbury, NY 11590

 1 800 378 7803 please recycle we do :)

 made in the USA never tested on animals

026-14614-T03


8  13277  01461  4

First Amended Class Action Complaint

Nowhere on the packages of any of the Babyganics Wipes do Defendants disclose that the wipes are made from chemically-derived plastic fibers.

28.    Defendants intend for consumers to understand that the Babyganics Wipes are a "green" product, i.e., one that is made from plant based ingredients and specially designed to be environmentally friendly, and have consistently marketed the product in that manner throughout the class period. Defendants intend for consumers to understand that because the Babyganics Wipes are made from plant based ingredients, they are made from renewable resources and not petroleum, and they are biodegradable and will not harm the environment when the consumer has disposed of them. Defendants also intend for consumers to understand that because the Babyganics Wipes are made from plant based ingredients, they are made from natural ingredients, and do not contain chemicals. Defendants have capitalized on the green movement by marketing its Babyganics Wipes with promises of an environmentally friendly wipe. By making the claim that the Babyganics Wipes are made from "plant based ingredients," Defendants position these products as environmentally superior to their competitors' products that do not contain the same representations.

29.    Reasonable consumers believe that the term "plant" means a living organism. Reasonable consumers do not believe that synthetic, chemically derived compounds, such as plastics, are "plant based." Further, reasonable consumers believe that wipes made from plant based ingredients will biodegrade after use and are better for the environment than wipes made from non-plant based ingredients.

30.    In February of 2017, Plaintiff's counsel had a fiber analysis performed on several packages of the Babyganics Wipes. Each package was purchased online and shipped directly to an independent laboratory for analysis. The laboratory determined that, contrary to Defendants' representations, the Babyganics Wipes are made from non-plant based ingredients. In particular, the substrate used in each of the Babyganics Wipes included polyester fibers. Polyester is a synthetic polymer made of purified terephthalic acid (PTA) or dimethyl ester dimethyl terephthalate (DMT) and monoethylene glycol (MEG) – in other words, polyester is a synthetic plastic fiber.

**(4) Defendants' Marketing of the Babyganics Wipes Violates the FTC Guidelines**

31.     The Federal Trade Commission ("FTC") has issued standards describing what constitutes deceptive and misleading environmental claims. The FTC standards are commonly known as the "Green Guides." As detailed below, Defendants violate several provisions of the FTC's Green Guides.

32.     Section 260.3(b) of the Green Guides requires an environmental marketing claim to "specify whether it refers to the product, the product's packaging, a service, or just to a portion of the product, package, or service." 16 C.F.R. § 260.3(b). Defendants' "plant based ingredients" representation violates this standard of the Green Guides because it fails to specify whether it refers to the Babyganics Wipes, the wipes' packaging, or just part of the wipes (i.e., the lotion).

33.     Section 260.3(c) of the Green Guides prohibits an environmental marketing claim from "overstat[ing], directly or by implication, an environmental attribute or benefit. Marketers should not state or imply environmental benefits if the benefits are negligible." 16 C.F.R. § 260.3(c). Defendants' "plant based ingredients" representation violates this standard of the Green Guides because it overstates the benefit of using plant based ingredients in the lotion because the substrate is not made of plant based ingredients and thus the wipes are not made entirely from renewable resources and will not fully biodegrade after the consumer disposes of them.

34.     Section 260.16(a) of the Green Guides states that "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is made with renewable materials." 16 C.F.R. § 260.16(a). Further pursuant to 260.16(c), any "made with renewable materials" claim must be qualified "unless the product or package (excluding minor, incidental components) is made entirely with renewable materials." 16 C.F.R. § 260.16(c). Defendants' "plant based ingredients" representation violates this standard of the Green Guides because plants are a renewable material, but the product is not made exclusively of renewable materials.

35.     Further, in violation of Green Guide Section 260.2, Defendant has not and cannot substantiate the complained of misrepresentations. 16 C.F.R. § 260.2.

**(5) Defendants Intend To Continue To Market and Sell the Wipes as "Plant Based"**

36.     Defendants' marketing campaign has been extremely successful. In 2015, sales of

baby wipes in the United States exceeded $1 billion dollars. Babyganics is a popular brand, and the Babyganics Wipes are sold in grocery stores and big box stores throughout California and the country. Because of the big potential for sales, Defendants have no incentive to stop selling "plant based" products or change their disclaimers to discourage sales.

37.    In marketing the Babyganics Wipes to consumers as a product made from "plant based ingredients," Defendants know that consumers will be more likely to purchase the product if they believe the product is made only from plant based ingredients and thus environmentally friendly. Thus, for the Babyganics Wipes, Defendants intend for consumers to rely on the representation that the product is made from "plant based ingredients." Defendants further intend for consumers to rely on the omissions that the Babyganics Wipes are made from plastic fibers and thus will not fully biodegrade after disposal.

38.    Because consumers believe the wipes are made from "plant based ingredients," and therefore purchase them because they are a green or environmentally-friendly product, Defendants are able to charge a premium for the Babyganics Wipes. For example, Babyganics Wipes for sale on Amazon.com cost more per wipe than a comparable package of baby wipes, which are not advertised as made from "plant based ingredients." If consumers knew that the Babyganics Wipes were made from non-plant based ingredients, they would not pay a premium for the product, but rather, would opt to purchase cheaper wipes that do not claim to be made from "plant based ingredients."

**PLAINTIFF'S EXPERIENCE**

39.    Plaintiff is a consumer of Babyganics Wipes. On or about September 9, 2013, while shopping online on the website, http://www.diapers.com, while he was located in San Francisco, California, Plaintiff noticed the Babyganics Wipes. He was interested in the fact that the product was a pre-moistened wipe, preferred products without harmful chemicals that were natural, and read that the wipes were made with "plant based ingredients." He understood "plant based ingredients" to mean the product would be a more natural wipe that did not contain chemicals and was better for the environment. On that basis, he decided to buy two packages of the Babyganics Face, Hand, and Baby Wipes for personal use. Plaintiff paid $19.56 per package

1    of 400 count wipes. Had Plaintiff known that the Babyganics Wipes were made of synthetic

2    plastic, Plaintiff would not have purchased them, or at a minimum, would not have paid a

3    premium for them.

4         40.    Plaintiff continues to desire to purchase wipes made from plant based ingredients

5    from Defendants. Without purchasing and providing Babyganics Wipes to a laboratory for a fiber

6    analysis, Plaintiff is unable to determine if the wipes are made from non-plant based ingredients.

7    Plaintiff understands that the design and construction of the Babyganics Wipes may change over

8    time. But as long as Defendants may use the phrase "plant based ingredients" to describe wipes

9    containing non-plant based ingredients, then when presented with Defendants' packaging,

10   Plaintiff continues to have no way of determining whether the representation made from "plant

11   based ingredients" is in fact true. Thus, Plaintiff is likely to be repeatedly presented with false or

12   misleading information when shopping and he will unable to make informed decisions about

13   whether to purchase wipes. He is further likely to be repeatedly misled by Defendants' conduct,

14   unless and until Defendants are compelled to ensure that their wipes marketed as made from

15   "plant based ingredients" do not contain non-plant based ingredients.

16                                **CLASS ALLEGATIONS**

17        41.    Plaintiff brings this action against Defendants on behalf of himself and all others

18   similarly situated, as a class action pursuant to section 382 of the California Code of Civil

19   Procedure and section 1781 of the California Civil Code. Plaintiff seeks to represent a group of

20   similarly situated persons (the "Class"), defined as follows:

21             All persons who, between March 16, 2013 and the present, purchased in
               California the Babyganics Wipes.

22        42.    This action has been brought and may properly be maintained as a class action

23   against Defendants pursuant to the provisions of California Code of Civil Procedure section 382

24   because there is a well-defined community of interest in the litigation and the proposed class is

25   easily ascertainable.

26        43.    Numerosity: Plaintiff does not know the exact size of the class, but it is estimated

27   that it is composed of more than 100 persons. The persons in the class are so numerous that the

28   joinder of all such persons is impracticable and the disposition of their claims in a class action

rather than in individual actions will benefit the parties and the courts.

44.     Common Questions Predominate: This action involves common questions of law and fact to the potential class because each class member's claim derives from the deceptive, unlawful and/or unfair statements and omissions that led Defendants' customers to believe that the Babyganics Wipes are made from "plant based ingredients." The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover. Among the questions of law and fact common to the class are:

    a)     Whether Defendants' Babyganics Wipes are made from "plant based ingredients;"

    b)     Whether Defendants unfairly, unlawfully and/or deceptively failed to inform class members that the Babyganics Wipes are made from non-plant based ingredients;

    c)     Whether Defendants' advertising and marketing regarding the Babyganics Wipes sold to class members was likely to deceive class members or was unfair;

    d)      Whether Defendants engaged in the alleged conduct knowingly, recklessly, or negligently;

    e)     The amount of the premium lost by class members as a result of such wrongdoing;

    f)     Whether class members are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

    g)     Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

45.     Typicality: Plaintiff's claims are typical of the class because, in 2013, he purchased at least two packages of the Babyganics Wipes, in reliance on Defendants' misrepresentations and omissions that they were made from "plant based ingredients." Thus, Plaintiff and class members sustained the same injuries and damages arising out of Defendants' conduct in violation of the law. The injuries and damages of each class member were caused

directly by Defendants' wrongful conduct in violation of law as alleged.

46.     Adequacy: Plaintiff will fairly and adequately protect the interests of all class members because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to him for the unfair and illegal conduct of which he complains. Plaintiff also has no interests that are in conflict with or antagonistic to the interests of class members. Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and the interests of the class. By prevailing on his own claim, Plaintiff will establish Defendants' liability to all class members. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

47.     Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions world engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

48.     Nexus to California. The State of California has a special interest in regulating the affairs of corporations that do business here. Defendants have more customers here than in any other state. Accordingly, there is a substantial nexus between Defendants' unlawful behavior and California such that the California courts should take cognizance of this action on behalf of a class of individuals who reside anywhere in the United States.

49.     Plaintiff is unaware of any difficulties that are likely to be encountered in the

management of this action that would preclude its maintenance as a class action.

**CAUSE OF ACTION**
**(Unfair, Unlawful and Deceptive Trade Practices,**
**Business and Professions Code § 17200, *et seq.*)**
**On Behalf of Himself and the Class**

50.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

51.     Within four (4) years preceding the filing of this Class Action Complaint on March 17, 2017, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices in California by engaging in the unfair, deceptive and unlawful business practices outlined in this Class Action Complaint. In particular, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices by, without limitation, the following:

a.     deceptively representing to Plaintiff, and those similarly situated, the Babyganics Wipes were made from "plant based ingredients;"

b.     failing to inform Plaintiff, and those similarly situated, that the Babyganics Wipes were made from non-plant based ingredients;

c.     as set forth in paragraphs 59-100 below, engaging in at least four predicate unlawful acts, including the Consumer Legal Remedies Act; Section 17500 of the Business & Professions Code, California's False Advertising Law; common law fraud, deceit, and misrepresentation; and Section 17580 of the Business & Professions Code, California's Environmental Marketing Claims Act.

52.     Plaintiff and those similarly situated relied to their detriment on Defendants' unfair, deceptive and unlawful business practices. Had Plaintiff and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) Defendants' Babyganics Wipes.

53.     Defendants' acts and omissions are likely to deceive the general public.

54.     Defendants engaged in these unfair practices to increase their profits. Accordingly, Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200,

*et seq.* of the California Business and Professions Code.

55.     The aforementioned practices, which Defendants have used to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

56.     As a direct and proximate result of such actions, Plaintiff and the other members of the Class have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiff and those similarly situated paid a price premium for the Babyganics Wipes, i.e., the difference between the price consumers paid for the Babyganics Wipes and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

57.     Plaintiff seeks, on behalf of those similarly situated, a declaration that the above-described trade practices are fraudulent and/or unlawful.

58.     Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit the sale of the Babyganics Wipes within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove misrepresentation and to disclose the omitted facts. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants were not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

**FIRST PREDICATE UNLAWFUL ACT**

**(Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*)**

59.     Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint as if set forth herein.

60.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA").

61.     Defendants' actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

62.     Plaintiff and other class members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

63.     The Babyganics Wipes that Plaintiff (and others similarly situated class members) purchased from Defendants were "goods" within the meaning of California Civil Code § 1761(a).

64.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), § 1770(a)(8), and § 1770(a)(9) of the CLRA. In violation of California Civil Code §1770(a)(2), Defendants' acts and practices constitute improper representations regarding the source, sponsorship, approval, or certification of the goods they sold. In violation of California Civil Code §1770(a)(5), Defendants' acts and practices constitute improper representations that the goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have. In violation of California Civil Code §1770(a)(7), Defendants' acts and practices constitute improper representations that the goods they sell are of a particular standard, quality, or grade, when they are of another. In violation of California Civil Code §1770(a)(8), Defendants have disparaged the goods, services, or business of another by false or misleading representation of fact. In violation of California Civil Code §1770(a)(9), Defendants have advertised goods or services with intent not to sell them as advertised. Specifically, in violation of sections 1770 (a)(2), (a)(5), (a)(7) and (a)(9), Defendants' acts and practices led customers to falsely believe that that their Babyganics Wipes are made from "plant-based

ingredients." In violation of section 1770(a)(8), Defendants falsely or deceptively market and advertise that, unlike products not specifically denominated as made from "plant-based ingredients," the Babyganics Wipes are made from "plant-based ingredients," when in fact, the wipes are made from non-plant based ingredients.

65.     Plaintiff requests that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and the other members of the Class will continue to suffer harm.

66.     CLRA § 1782 NOTICE. **Irrespective of any representations to the contrary in this Class Action Complaint, Plaintiff specifically disclaims, at this time, any request for damages under any provision of the CLRA**. Plaintiff, however, hereby provides Defendants with notice and demand that within thirty (30) days from that date, Defendants correct, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein. Defendants' failure to do so will result in Plaintiff amending this Class Action Complaint to seek, pursuant to California Civil Code § 1780(a)(3), on behalf of himself and those similarly situated class members, compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendants' acts and practices. In particular, Plaintiff will seek to recover on behalf of himself and those similarly situated the price premium paid for the Babyganics Wipes, i.e., difference between the price consumers paid for the Babyganics Wipes and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

67.     Plaintiff also requests that this Court award him costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

### SECOND PREDICATE UNLAWFUL ACT
**(False Advertising, Business and Professions Code § 17500, *et seq.* ("FAL"))**

68.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

69.     Beginning at an exact date unknown to Plaintiff, but within three (3) years preceding the filing of the Class Action Complaint, Defendants made untrue, false, deceptive

1   and/or misleading statements in connection with the advertising and marketing of their

2   Babyganics Wipes.

3        70.     Defendants made representations and statements (by omission and commission)

4   that led reasonable customers to believe that they were purchasing products that were made from

5   only plant-based ingredients. Defendants deceptively failed to inform Plaintiff, and those

6   similarly situated, that their Babyganics Wipes are made from non-plant-based ingredients.

7        71.     Plaintiff and those similarly situated relied to their detriment on Defendants' false,

8   misleading and deceptive advertising and marketing practices, including each of the

9   misrepresentations and omissions set forth in paragraphs 25-35, and 39 above. Had Plaintiff and

10  those similarly situated been adequately informed and not intentionally deceived by Defendants,

11  they would have acted differently by, without limitation, refraining from purchasing Defendants'

12  Babyganics Wipes or paying less for them.

13       72.     Defendants' acts and omissions are likely to deceive the general public.

14       73.     Defendants engaged in these false, misleading and deceptive advertising and

15  marketing practices to increase their profits. Accordingly, Defendants have engaged in false

16  advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and

17  Professions Code.

18       74.     The aforementioned practices, which Defendants have used, and continue to use,

19  to their significant financial gain, also constitute unlawful competition and provide an unlawful

20  advantage over Defendants' competitors as well as injury to the general public.

21       75.     As a direct and proximate result of such actions, Plaintiff and the other members of

22  the Class have suffered, and continue to suffer, injury in fact and have lost money and/or property

23  as a result of such false, deceptive and misleading advertising in an amount which will be proven

24  at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiff

25  and those similarly situated paid a price premium for the Babyganics Wipes, i.e., the difference

26  between the price consumers paid for the Babyganics Wipes and the price that they would have

27  paid but for Defendant's misrepresentation. This premium can be determined by using

28  econometric or statistical techniques such as hedonic regression or conjoint analysis.

-17-

76.     Plaintiff seeks, on behalf of those similarly situated, restitution of the difference between what Defendants acquired from Plaintiff, the general public, or those similarly situated, and what would have been acquired in absence of the false, misleading and deceptive advertising and marketing practices complained of herein, which amount will be proven at trial, plus interest thereon.

77.     Plaintiff seeks, on behalf of those similarly situated, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

78.     Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit the sale of the Babyganics Wipes within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove misrepresentation and to disclose the omitted facts. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that the Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants are not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

**THIRD PREDICATE UNLAWFUL ACT**
**(Fraud, Deceit and/or Misrepresentation)**

79.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

80.     In 2013, Defendants fraudulently and deceptively led Plaintiff to believe that the Babyganics Wipes were made from "plant-based ingredients." Defendants also failed to inform Plaintiff that the Babyganics Wipes were made from non-plant-based ingredients.

81.     These misrepresentations and omissions were material at the time they were made. They concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether to purchase Defendants' Babyganics Wipes.

82.     Defendants made identical misrepresentations and omissions to members of the Class regarding Defendants' Babyganics Wipes.

83.     Plaintiff and those similarly situated relied to their detriment on Defendants' fraudulent misrepresentations and omissions. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, not purchasing (or paying less for) Defendants' Babyganics Wipes.

84.     Defendants had a duty to inform class members at the time of their purchase that the Babyganics Wipes were made from non-plant based ingredients. Defendants omitted to provide this information to class members. Class members relied to their detriment on Defendants' omissions. These omissions were material to the decisions of the class members to purchase the Babyganics Wipes. In making these omissions, Defendants breached their duty to class members. Defendants also gained financially from, and as a result of, their breach.

85.     By and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiff and those similarly situated to alter their position to their detriment. Specifically, Defendants fraudulently and deceptively induced Plaintiff and those similarly situated to, without limitation, to pay a premium to purchase the Babyganics Wipes.

86.     As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff and those similarly situated have suffered damages. In particular, Plaintiff seeks to recover on behalf of himself and those similarly situated the price premium paid for the Babyganics Wipes, i.e., the difference between the price consumers paid for the Babyganics Wipes and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

87.     Defendants' conduct as described herein was willful and malicious and was designed to maximize Defendants' profits even though Defendants knew that it would cause loss and harm to Plaintiff and those similarly situated.

## FOURTH PREDICATE UNLAWFUL ACT
### (Negligent Misrepresentation)

88.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

89.     In 2013, Defendants provided false and misleading information regarding the Babyganics Wipes, representing that the wipes were made from "plant-based ingredients."

90.     These representations were material at the time they were made. They concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether to purchase the Babyganics Wipes.

91.     Defendants made identical misrepresentations and omissions to members of the Class regarding Defendants' Babyganics Wipes.

92.     Defendants should have known their representations to be false and had no reasonable grounds for believing them to be true when they were made.

93.     By and through such negligent misrepresentations, Defendants intended to induce Plaintiff and those similarly situated to alter their position to their detriment. Specifically, Defendants negligently induced Plaintiff and those similarly situated to, without limitation, to purchase their Babyganics Wipes.

94.     Plaintiff and those similarly situated relied to their detriment on Defendants' negligent misrepresentations. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, not purchasing (or paying less for) Defendants' Babyganics Wipes.

## FIFTH PREDICATE UNLAWFUL ACT
### ("Greenwashing" Under the Environmental Marketing Claims Act Cal. Bus. & Prof. Code § 17580, *et seq.*)

95.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

96.     Defendants' representations and omissions complained of herein constitute advertising that the Babyganics Wipes are not harmful to, or are beneficial to, the natural environment, through the use of such the phrase made from "plant-based ingredients," which is

-20-

like the terms "environmental choice," "ecologically friendly," "earth friendly," "environmentally friendly," "ecologically sound," "environmentally sound," "environmentally safe," "ecologically safe," "environmentally lite," or "green product."

97.     On information and belief, in violation of Cal. Bus. & Prof. Code §17580(a), Defendants have not maintained in written form in their records information and documentation supporting the validity of the representations.

98.     Further, in violation of Cal. Bus. & Prof. Code §17580.5(a), Defendants' representations and omissions complained of herein constitute untruthful, deceptive, or misleading environmental marketing claims, explicit or implied, including claims referenced in the Green Guides published by the FTC.

99.     Plaintiff seeks, on behalf of those similarly situated, a declaration that the above-described practices are fraudulent and/or unlawful.

100.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit the sale of the Babyganics Wipes within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove misrepresentation and to disclose the omitted facts. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants were not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows against Defendants and in favor of Plaintiff and the other members of the Class as follows:

1.      for restitution of the price premium paid, i.e., the difference between the price consumers paid for the Babyganics Wipes and the price that they would have paid but for

Defendant's misrepresentation, in an amount to be proven at trial using econometric or statistical techniques such as hedonic regression or conjoint analysis, pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.*; and

2.      for injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq*, as follows:

a.   Declaring that Defendants' use of the term "plant based ingredients" on the Babyganic Wipes is unlawful and likely to deceive reasonable consumers;

b.   Enjoining Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, in connection with the manufacturing, labeling, packaging, advertising, promotion, offering for sale, sale, or distribution of any pre-moistened wipe product from making a "plant based ingredients" claim unless the product does not contain polyester, plastic, or other synthetic ingredient or material;

c.   Enjoining Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, in connection with the manufacturing, labeling, packaging, advertising, promotion, offering for sale, sale, or distribution of any wipe from making the claim that the pre-moistened wipe product is made from "plant based" ingredients or materials unless the representation is non-misleading, and, at the time the representation is made, Defendants can substantiate the claim.

d.   Enjoining Defendants, directly or through any corporation, partnership, subsidiary, division, or other device, in connection with the manufacturing, labeling, packaging, advertising, promotion, offering for sale, sale, or distribution of any pre-moistened wipe product to not provide to others the means and instrumentalities with which to make any representation prohibited by the above. For the purposes of this paragraph, "means and instrumentalities" means any information, including, but not necessarily limited to, any advertising, labeling, or promotional, sales training, or purported substantiation materials, for use by trade

customers in their marketing of such product or service.

3.      for reasonable attorneys' fees according to proof pursuant to, without limitation, the California Code of Civil Procedure § 1021.5;

4.      for costs of suit incurred; and

for such further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: July 21, 2017                    **GUTRIDE SAFIER LLP**

_____
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Kristen G. Simplicio, Esq.
Marie McCrary, Esq.
100 Pine Street, Suite 1250
San Francisco, California 94111

Attorneys for Plaintiff

First Amended Class Action Complaint